```
 1  James G. O'Neill (Bar No. 49686)
    LAW OFFICES OF JAMES G. O'NEILL
 2  3151 Airway Avenue, Ste. K-105
    Costa Mesa, California 92626
 3  Telephone: (714) 549-8609
    Facsimile: (714) 549-8626
 4
    Steven L. Krongold, Esq. (Bar No. 125952)
 5  THE KRONGOLD LAW FIRM
    3151 Airway Avenue, Ste. A-3
 6  Costa Mesa, California 92626
    Telephone: (714) 546-1800
 7  Facsimile: (714) 546-1803

 8  Attorneys for Plaintiff Leslie A. Kelly,
    an individual and dba Les Kelly Publications,
 9  Les Kelly Enterprises, and Show Me The Gold
```

Sums 1552

FILED APR - 2 1999
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
DEPUTY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE A. KELLY, an individual and doing business as Les Kelly Publications, Les Kelly Enterprises, and Show Me The Gold, <br><br> Plaintiff, <br><br> vs. <br><br> ARRIBA SOFT CORPORATION, an Illinois Corporation; and DOES 1 through 10, inclusive, <br><br> Defendants. | NO. SACV99-560 GLT (ANx) <br><br> **COMPLAINT FOR:** <br><br> 1. **COPYRIGHT INFRINGEMENT;** <br> 2. **VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT;** <br> 3. **UNFAIR COMPETITION UNDER FEDERAL LAW** <br> 4. **UNFAIR COMPETITION UNDER STATE LAW** <br> 5. **DECLARATORY RELIEF** <br><br> <u>**JURY TRIAL DEMANDED**</u> |

COMES NOW, Plaintiff Leslie A. Kelly, an individual and doing business as Les Kelly Publications, Les Kelly Enterprises, and Show Me The Gold ("plaintiff") and alleges as follows:

/ / /

/ / /

ENTERED ON ICMS 1



ORIGINAL

ORIGINAL

```
04/02/99                          2:51:41 PM
SA   1-1 KHOPKINS      Receipt # 027311
======NO REFUND WITHOUT RECEIPT======
CASE # SACV99-560

086900   Filing Fee Civil
                          60.00
510000   Special Fund F/F
                          90.00
===== T O T A L ========
    CHECK TENDERED $           $150.00
    CHECK 1078
           THANK  YOU
```

## PREFACE

1. Plaintiff is a photographer and publisher who maintains two web sites containing copyrighted photographs of California's Gold Rush Country ("www.showmethegold.com" and "www.goldrush1849.com"). Defendant, Arriba Soft Corporation, owns and operates a free internet image search service called the "ArribaVista Image Searcher" which locates visual images and photographs on the internet ("www.arribavista.com"). The image service engine is part of defendant's overall marketing effort for "Arriba Express," an image file and storage system which incorporates software that will collect or "vacuum" all images from a targeted web site.

2. In or about January 1999, in violation of plaintiff's copyright notices, defendant vacuumed various photographs from plaintiff's web sites and posted them on its www.arribavista.com web site. The images were stored as individual "jpg" files, identified with a specific file number and surrounded by banner advertising. Defendant removed plaintiff's copyright management information. Users were able to download plaintiff's photographs without gaining access to plaintiff's web sites. The images could be downloaded into the Arriba Express media management product by simply clicking a button located on the search results page. Thus, the combination of ArribaVista search engine and Arriba Express enabled users rapidly to capture, view, edit, organize and re-use media files without permission from or compensation to copyright owners.

/ / /

/ / /

2

## JURISDICTION

3. This Court has jurisdiction of this matter, and the parties, pursuant to U.S.C. §§1332 and 1338. The amount in controversy, exclusive of interest and costs, exceeds Ten Thousand Dollars ($10,000).

## PARTIES

4. Plaintiff is, and at all times herein mentioned was, an individual residing in the County of Orange, State of California and doing business under the fictitious names Les Kelly Publications, Les Kelly Enterprises, and Show Me The Gold.

5. Plaintiff is informed and believe, and thereon alleges, that defendant ARRIBA SOFT CORPORATION is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business located at 200 East Fifth Avenue, Suite 108, Naperville, Illinois 60563 ("Defendant"). Plaintiff is informed and believes, and thereon alleges, that on or about March 1997, defendant was qualified to do business within the State of California.

6. Defendants, Does 1 through 10, inclusive, are sued herein under fictitious names and capacities because their identities are unknown to plaintiff. When the true names and capacities are ascertained, plaintiff will amend this complaint by inserting the same herein. Each and every allegation of this complaint which charges defendant shall also charge Does 1 through 100, inclusive and each of them.

7. Defendants, and Does 1 through 10, inclusive, and each of them, at all times mentioned in this complaint, were the agents and employees of the co-defendants and in doing the things

3

hereinafter alleged or acting within the course and scope of such agency and with the permission and consent of their co-defendants.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

8. Beginning in 1993, plaintiff took photographs of the natural scenery and landmarks of the California gold rush country in Northern California and along the California Trail, from Missouri to California. Plaintiff collected his works in a book, entitled <u>California Gold Rush Country (1848-1998)</u>, which was published in March 1997. On December 11, 1998, plaintiff registered both the photographic images and the text of the book with the U.S. Copyright Office (Reg. No. VA 925-927).

9. Beginning in 1988, plaintiff provided photographs for books about Laura Ingalls Wilder, author of the "Little House" books. Plaintiff's works were published in various books, such as <u>The Little House Guidebook</u> (Reg. No. VA 789-705), <u>The 1997 Laura Ingalls Wilder Country Engagement Book</u> (Reg. No. VA 754-393), and <u>Little House Country: A Photo Guide To The Home Sites of Laura Ingalls Wilder</u> (Reg. No. TX 2886-550) with the permission of plaintiff.

10. In or about 1997, and continuing thereafter, plaintiff maintained a web site on the global communications network or "internet" under the domain name "www.goldrush 1849.com." Through this web site, and to encourage users to purchase his book, <u>Gold Rush Country (1848-1998)</u>, plaintiff provided a virtual tour of the Gold Rush Country by posting several copyrighted photographs which appear in his book. The web site enables users to order the book directly from plaintiff.

4

Users could also order a companion book, entitled <u>Traveling California's Gold Rush Country</u>. Plaintiff does not sell the photographs individually to the general public.

11. In or about 1997, and continuing thereafter, plaintiff maintained a separate web site under the domain name "www.showmethegold.com." This web site was used to package and market corporate retreats in California's gold rush country under the service mark "SHOW ME THE GOLD" Tours. Like plaintiff's other web site, this web site contains various copyrighted photographs belonging to plaintiff to encourage users to purchase the corporate retreat product.

12. On or about January 16, 1998, plaintiff first coined the phrase "SHOW ME THE GOLD" in connection with his business. The phrase was first adopted and used in commerce in connection with providing corporate tours on or about February 13, 1998. Plaintiff has filed an application with the U.S. Patent and Trademark Office to register the phrase as a service mark under federal law.

13. Both of plaintiff's web sites include plaintiff's service mark. The service mark and other photographic images appearing on plaintiff's two web site are in the form of "jpeg" files which are graphic files.

14. Defendant owns and operates a free internet image search service, the "ArribaVista Image Searcher," which locates visual images and photographs on the internet ("www.arribavista.com"). The image service engine is part of defendant's overall marketing effort for "Arriba Express," an image file and storage system which incorporates software that

5

will collect or "vacuum" all images from a targeted web site.

15.  Plaintiff is informed and believes, and based thereon alleges, that defendant's image search engine and the software were intentionally and knowingly designed to search web sites for only graphics files and to ignore any related copyright management information posted on the owner's web site.

16.  Plaintiff is informed and believes, and based thereon alleges, that images which are vacuumed from other web sites are copied and saved on defendant's www.arribavista.com web site into a "database" which gives each vacuumed picture a new identification number. This information does not include copyright management information located on the image's original web site.

17.  The images vacuumed from other web sites and copied to defendant's www.arribavista.com web site are displayed as "thumbnail" copies which users can download to their own computers using the free image search engine by simply right-clicking on the mouse button. Plaintiff is informed and believes, and based thereon alleges, that during the relevant time period if the user purchases defendant's software, the images can be downloaded into the Arriba Express media management product on the user's computer by clicking a button located on the search results page. Users are therefore able to download plaintiff's photographs without gaining access to plaintiff's web site. Thus, both the ArribaVista search engine and the Arriba Express software product enable users to rapidly capture, view, edit, organize and re-use media files without permission from or compensation to plaintiff or other copyright owners.

18. Plaintiff is informed and believes, and based thereon alleges, that the "thumbnail" copies provide a means to "deep link" into the web site of plaintiff, and other copyright owners, thus bypassing banner advertising, links, and other promotional or proprietary information provided by plaintiff.

19. Further, plaintiff is informed and believes, and based thereon alleges, that defendant "frames" the images belonging to plaintiff, and other copyright owners, with banner advertising, links and other promotional or proprietary information which is provided by defendant and for which plaintiff receives no remuneration.

20. In or about January 1999, in violation of plaintiff's copyright notices, defendant vacuumed various photographs from plaintiff's web sites and posted them on its www.arribavista.com web site. The images were stored as individual "jpg" files, identified with a specific file number and surrounded by banner advertising. Defendant removed plaintiff's copyright management information relating to these images. A list plaintiff's copyrighted images is attached hereto as Exhibit "1." Plaintiff is informed and believes, and based thereon alleges, that unauthorized copying of a substantial portion of the images identified on Exhibit 1 were done by or at the direction of defendant.

21. Plaintiff is the sole owner of all rights, title, and interest in and to the copyright in the images identified on Exhibit 1. Other than the licensing of some rights in the images as described above, plaintiff has exclusive rights in the copyrighted images.

7

22. Defendant's copying and posting of plaintiff's copyrighted images on defendant's www.arribavista.com web site is wholly unauthorized and without the actual or implied permission of plaintiff, the copyright owner in the subject images.

23. On February 1, 1999, plaintiff sent a letter to defendant demanding compensation for defendant's infringing use of plaintiff's images. Plaintiff has also notified defendant that it had infringed plaintiff's copyright and demanded that defendant stop posting plaintiff's images on defendant's www.arribavista.com web site.

24. Defendant has refused to compensate plaintiff for its infringing actions as demanded. In addition, defendant continues to maintain unauthorized copies of plaintiff's copyrighted images and to make them available for free downloading to the public by displaying them on the www.arribavista.com web site.

25. Defendant's use of plaintiff's copyrighted images has been done for commercial purposes and economic gain. Defendant has, in fact, financially benefitted from the unauthorized use of plaintiff's copyrighted images that have been, and continue to be, used in conscious disregard for plaintiff's copyright in the images.

### FIRST CLAIM FOR RELIEF

### [COPYRIGHT INFRINGEMENT]

26. Plaintiff realleges and incorporates each and every allegation contained in paragraphs 8 through 25, as though fully set forth herein.

/ / /

8

27. Plaintiff has complied in all respects with the Copyright Act, and all other laws governing copyright, and has secured exclusive rights and privileges in and to the copyright of the images.

28. Subsequent to plaintiff's creation of the images, and with full knowledge of the right of plaintiff therein, defendants infringed plaintiff's copyrights by copying the images into defendant's database, posting them on defendant's www.arribavista.com web site, removing all copyright management information related to the images, and facilitating the free download to users' computers in promotion of defendant's own interests without plaintiff's permission as copyright holder.

29. Defendant's acts were performed without the permission, license or consent of plaintiff.

30. Plaintiff has notified defendant that defendants has infringed the copyright of plaintiff, yet defendant continues to infringe the copyright.

31. Unless restrained and enjoined, defendant's acts of copyright infringement as alleged above will cause plaintiff irreparable injury.

32. By reason of its infringement of plaintiff's copyrights alleged above, defendant is liable to plaintiff for the actual damages incurred by plaintiff as a result of the infringement and any additional profits of defendant attributable to such infringement. Said damages are in an amount which is not yet fully ascertainable, but which is estimated to be not less than two hundred and fifty thousand dollars ($250,000).

33. Defendant's acts as alleged above were willful as

9

defined in Section 504(c)(2) of the Copyright Act, 17 U.S.C., §504(c)(2).

34. By reason of the foregoing, plaintiff is entitled to enhanced statutory damages of up to $100,000 for each infringement.

35. Plaintiff has incurred, and will continue to incur attorney's fees and court costs arising from the acts of defendant as alleged herein. Plaintiff seeks the recovery of his attorney's fees as the prevailing party in this action.

### SECOND CLAIM

### [VIOLATION OF DIGITAL MILLENNIUM COPYRIGHT ACT]

36. Plaintiff realleges and incorporates each and every allegation contained in paragraphs 8 through 35, as though fully set forth herein.

37. Plaintiff's web sites include "copyright management information" as that term is defined in the Digital Millennium Copyright Act, 17 U.S.C. section 1202(c).

38. Defendant has intentionally and knowingly removed plaintiff's copyright management information associated with plaintiff's images and service mark without authorization from plaintiff, the copyright owner thereto, by copying plaintiff's copyrighted images and service mark to defendant's www.arribavista.com web site with its image service engine.

39. Defendant knew, or reasonably should have known, that removal of plaintiff's copyright management information from images copied to and posted on its www.arribavista.com web site so that users could download them directly from defendant's web site database would induce, enable, facilitate or conceal

infringement of plaintiff's copyrights by defendant and by the users of defendant's search engine and software.

40. By reason of the foregoing acts, defendant has violated the Digital Millennium Copyright Act to plaintiff's irreparable harm.

41. Defendant's conduct will continue to cause further irreparable harm to plaintiff unless and until defendant is enjoined by this Court.

42. By reason of its infringement of plaintiff's copyrights alleged above, defendant is liable to plaintiff for the actual damages incurred by plaintiff as a result of the infringement and any additional profits of defendant attributable to such infringement. Said damages are in an amount which is not yet fully ascertainable, but which is estimated to be not less than two hundred and fifty thousand dollars ($250,000).

43. By reason of its infringement of plaintiff's copyrights alleged above, defendant is liable to plaintiff for costs and reasonable attorney's fees.

### THIRD CLAIM

### [UNFAIR COMPETITION UNDER FEDERAL LAW]

44. Plaintiff realleges and incorporates each and every allegation contained in paragraphs 1 through 43, as though fully set forth herein.

45. Defendant's wilful and deliberate unauthorized copying and use of Plaintiff's service mark and copyrighted images on its www.arribavista.com web site has resulted in users being able to download plaintiff's copyrighted images for free and without plaintiff's authorization, and without directing

11

1 users to plaintiff's web sites so that they could be informed of
2 plaintiff's copyrights and given the opportunity to purchase
3 plaintiff's books and corporate retreats which he sells from
4 those web sites.  Defendant's action of "deep linking" and
5 "framing" as alleged herein has directed potential consumers from
6 viewing banner advertising, links and other material on
7 plaintiff's web site.

8     46.    By reason of the foregoing acts, defendant has
9 engaged in unfair competition and unfair trade practices against
10 plaintiff to plaintiff's irreparable harm in violation of section
11 43(a) of the Lanham Act.

12     47.    Defendant's conduct will continue to cause further
13 irreparable harm to plaintiff unless and until defendant is
14 enjoined by this Court.

15     48.    By reason of its infringement of plaintiff's
16 copyrights alleged above, defendant is liable to plaintiff for
17 the actual damages incurred by plaintiff as a result of the
18 infringement and any additional profits of defendant attributable
19 to such infringement. Said damages are in an amount which is not
20 yet fully ascertainable, but which is estimated to be not less
21 than two hundred and fifty thousand dollars ($250,000).

22     49.    By reason of its infringement of plaintiff's
23 copyrights alleged above, defendant is liable to plaintiff for
24 costs and attorney's fees.

### FOURTH CLAIM

### [STATE LAW UNFAIR COMPETITION]

27     50.    Plaintiff realleges and incorporates each and
28 every allegation contained in paragraphs 1 through 43, as though

12

fully set forth herein.

51. Defendant's wilful and deliberate unauthorized copying and use of plaintiff's service mark and copyrighted images on its www.arribavista.com web site has resulted in users being able to download plaintiff's copyrighted images for free and without plaintiff's authorization, and without directing users to plaintiff's web sites so that they could be informed of plaintiff's copyrights and given the opportunity to purchase plaintiff's books and corporate retreats which he sells from those web sites. Defendant's action of "deep linking" and "framing" as alleged herein has directed potential consumers from viewing banner advertising, links and other material on plaintiff's web site.

52. By reason of the foregoing acts, defendant has engaged in unfair competition and unfair trade practices against plaintiff to plaintiff's irreparable harm in violation of California Business and Professions Code § 17200 *et seq.* and under the common law.

53. Defendant's conduct will continue to cause further irreparable harm to plaintiff unless and until defendant is enjoined by this Court.

54. By reason of its infringement of plaintiff's copyrights alleged above, defendant is liable to plaintiff for the actual damages incurred by plaintiff as a result of the infringement and any additional profits of defendant attributable to such infringement. Said damages are in an amount which is not yet fully ascertainable, but which is estimated to be not less than two hundred and fifty thousand dollars ($250,000).

55. By reason of its infringement of plaintiff's copyrights alleged above, defendant is liable to plaintiff for costs and attorney's fees.

### FIFTH CLAIM

### [DECLARATORY RELIEF]

56. Plaintiff realleges and incorporates each and every allegation contained in paragraphs 8 through 22, as though fully set forth herein.

57. There exists at all times mentioned herein, an actual and present controversy with respect to the rights and liabilities of the parties concerning whether, and to the extent, defendant has violated both federal and state laws pertaining to plaintiff's copyrighted images as described above.

58. Plaintiff hereby seeks a determination from the Court that defendant's use of plaintiff's copyrighted images constitutes copyright infringement and unfair competition.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. That defendant be adjudged to have infringed plaintiff's copyrights in violation of United States copyright laws, 17 U.S.C. section 100 et. seq.

2. That defendant be adjudged to have infringed plaintiff's copyrights in violation of the Digital Millennium Copyright Act, 17 U.S.C. section 1200 et. seq.

3. That defendant be adjudged to have violated section 43 of the Lanham Act by engaging in unfair competition and unfair trade practices.

14

4.    That defendant be adjudged to have violated California Business and Professions Code § 17200 and to have engaged in common law unfair competition under the laws of the State of California.

5.    That defendant, its officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with those who receive actual notice of the injunction by personal service or otherwise, be forthwith preliminarily and thereafter permanently enjoined from:

    a.    copying plaintiff's images, including his service mark, to defendant's www.arribavista.com web site database and displaying said images on the web site or on any other web site defendant may now have or later create;

    b.    otherwise infringing upon plaintiff's copyrights;

    c.    unfairly competing with plaintiff in any manner whatsoever;

6.    That defendant be directed to file with this Court and serve on plaintiff within thirty (30) days after the service of the injunction, a report in writing, under oath, setting forth in detail the manner and form in which defendant has complied with the injunction;

7.    That defendant be required to account to plaintiff for any and all profits derived by defendant, and all damages sustained by plaintiff, by reason of defendant's acts complained of herein;

8.    That defendant be ordered to pay over to plaintiff all damages which plaintiff has sustained as a consequence of

15

defendant's acts complained of herein, subject to proof at trial, and that plaintiff be awarded defendant's profits derived by reason of said acts, or as determined by said accounting, or, in the alternative, that plaintiff be awarded statutory damages as determined by the Court;

9. That defendant be ordered to delete plaintiff's images from its database and web sites;

10. That plaintiff be awarded its costs, expenses and attorneys' fees;

11. That plaintiff be awarded pre-judgment interest; and

12. That plaintiff be awarded such other and further relief as the Court deems just and proper.

Dated: 3-31-99                    THE KRONGOLD LAW FIRM

By: _____
Steven L. Krongold
Attorneys for plaintiff
LESLIE A. KELLY

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, plaintiff hereby demands a jury trial of any issues in this action so triable.

Dated: 3-31-99                    THE KRONGOLD LAW FIRM

By: _____
Steven L. Krongold
Attorneys for plaintiff
LESLIE A. KELLY

**Exhibit 1**

# Listing of registered images owned by Leslie A. Kelly
# and
# Infringed by ArribaVista.com

| Image Description | ArribaVista Image Number | First Oberserved |
|---|---|---|
| CGRC Book Cover | 4,229,493 | 1/24/99 |
| SMTG Miner Logo | 4,591,050 | 1/24/99 |
| SMTG Panner | 4,591,051 | 1/24/99 |
| SMTG Panner | 4,591,053 | 1/24/99 |
| SMTG River/stagecoach | 4,591,054 | 1/24/99 |
| SMTG Buckhorn Golf | 4,591,055 | 1/24/99 |
| SMTG Ladies/Wine | 4,591,056 | 1/24/99 |
| SMTG River w/poppies | 4,591,057 | 1/24/99 |
| SMTG Panner | 4,591,058 | 1/24/99 |
| CGRC American River/Pop | 4,682,668 | 1/27/99 |
| CGRC Mariposa Nugget | 4,682,673 | 1/27/99 |
| CGRC Angels Camp | 4,682,674 | 1/27/99 |
| CGRC Book Cover/Enlarged | 4,682,679 | 1/27/99 |
| CGRC Nebraska Sunset | 4,682,680 | 1/27/99 |
| CGRC Hotel Jeffery | 4,682,681 | 1/27/99 |
| CGRC Malakoff Diggins | 4,682,682 | 1/27/99 |
| CGRC Shasta Rainbow | 4,682,683 | 1/27/99 |
| CGRC Logo/Title/Miner | 4,682,685 | 1/27/99 |
| CGRC Book Cover | 4,682,686 | 1/27/99 |
| CGRC Coloma/American Riv | 4,682,687 | 1/27/99 |
| CGRC Back Cov/Stagecoach | 4,682,689 | 1/27/99 |
| CGRC Carson River | 4,682,690 | 1/27/99 |
| CGRC Leslie A. Kelly | 4,682,691 | 1/27/99 |
| CGRC Way West Map | 4,682,692 | 1/27/99 |
| CGRC Ne Covered Wagon | 4,682,693 | 1/27/99 |
| CGRC JJ Hughes/Indep Rock | 4,687,766 | 1/27/99 |
| CGRC Deep Ruts Hill | 4,688,396 | 1/27/99 |
| CGRC Panama RR/Pub Dom | 4,688,398 | 1/27/99 |
| CGRC Platte River Sunset | 4,688,399 | 1/27/99 |
| CGRC Courthouse/Jailhouse | 4,688,400 | 1/27/99 |
| CGRC Wine Casks | 4,688,401 | 1/27/99 |
| CGRC SF Trolley/Tall Ships | 4,688,402 | 1/27/99 |
| CGRC Jimtown 1849 | 4,688,409 | 1/27/99 |

| CGRC South Pass | 4,689,908 | 1/27/99 |
| --- | --- | --- |
| CGRC Steamboat/Pub Dom | 4,689,910 | 1/27/99 |
| CGRC Fort Hall, Idaho | 4,689,912 | 1/27/99 |
| CGRC 40 Mile Desert | 4,689,913 | 1/27/99 |
| CGRC San Fr Hrb/Pub Dom | 4,689,914 | 1/27/99 |
| CGRC Travel Calif Cover | 4,689,926 | 1/27/99 |
| LIW Ingalls House | 4,691,082 | 1/30/99 |
| LIW Homestead/Harper | 4,700,238 | 1/30/99 |
| LIW Erin/Surveyors' House | 4,730,156 | 1/30/99 |
| LIW Ingalls House | 4,730,185 | 1/31/99 |
| SMTG American Riv Poppy | 4,753,570 | 1/31/99 |
| SMTG Gold Panner | 4,753,571 | 1/31/99 |
| CGRC Courthouse/Jailhouse | 4,779,180 | 1/31/99 |
| CGRC South Pass | 4,779,181 | 1/31/99 |
| CGRC Platte River Sunset | 4,779,182 | 1/31/99 |
| CGRC Deep Ruts Hill | 4,779,184 | 1/30/99 |
| CGRC JJ Hughes/Indep Rock | 4,779,185 | 1/30/99 |
| CGRC Fort Hall Replica | 4,779,187 | 1/31/99 |
| CGRC 40 Mile Desert | 4,779,188 | 1/31/99 |
| CGRC Hotel Jeffery | 4,779,198 | 1/31/99 |
| CGRC Jimtown 1849 | 4,779,200 | 1/30/99 |
| CGRC S F Trolley/Tall Ships | 4,779,203 | 1/31/99 |
| CGRC Nebraska Sunset | 4,779,204 | 1/30 |
| CGRC Mariposa Nuggett | 4,779,205 | 1/31/99 |
| CGRC Shasta Rainbow | 4,779,206 | 1/31/99 |
| CGRC Wine Caskets | 4,779,207 | 1/30/99 |
| CGRC Malakoff Diggins | 4,779,208 | 1/30/99 |
| CGRC Leslie A. Kelly | 4,779,224 | 1/31/99 |
| CGRC Coloma/American Riv | 4,779,231 | 1/30/99 |
| CGRC Back Cov/Stagecoach | 4,779,240 | 1/30 |
| CGRC Ne Covered Wagon | 4,779,241 | 1/30/99 |
| CGRC Carson River | 4,779,245 | 1/30/99 |
| LIW Ingalls House/Cover | 5,220,447 | 2/19/99 |
| LIW Ingalls Family Bible | 5,231,934 | 2/19/99 |
| LIW Silverlake Snow Scene | 5,310,428 | 2/19/99 |
| LIW Father DeSmet | 5,310,516 | 2/20/99 |